ALBERT BURRILL v. AUDITOR GENERAL, COUNTY OF SAGINAW AND TOWNSHIP OF RICHLAND.

*Bill to clear title from tax sale to the State.*

A bill to quiet title as against sales to the State for unpaid taxes cannot be maintained as against the Auditor General unless the State consents to the suit and designates that officer to represent it as party defendant thereto.

Appeal from Saginaw. Submitted June 9. Decided June 15.

BILL to enjoin tax sale and vacate assessment. Complainant appeals. Dismissal affirmed.

*Wisner & Draper* and *Michael Brennan* for complainant. A court can indirectly pass on the claims of the State where they are incidental to a suit against a State officer: *Osborn v. Bank* 9 Wheat. 738; *Mich. State Bank v. Hastings* 1 Doug. (Mich.) 225.

*L. T. Durand* and *Hanchett & Stark* for defendants. In purchasing at a tax sale the State holds as an individual: *Auditor General v. Supervisors* 36 Mich. 75; and though suit might be brought against the Auditor General to test the legality of a tax before sale (*Palmer v. Rich* 12 Mich. 414) it is practically a suit against the State, if brought afterwards, and cannot be maintained without the consent of the sovereignty: *Governor v. Madrazo* 1 Pet. 110; *Varick v. Smith* 5 Paige 136; *Briscoe v. Bank* 11 Pet. 321; *Beers v. Arkansas* 20 How. 527; *Kentucky v. Dennison* 24 How. 66; *Dodd v. Miller* 14 Ind. 433; *Auditor v. Davies* 2 Pike (Ark.) 494; *Ellis v. State* 4 Ind. 1; *State v. Trustees* 5 Ind. 77; *Delafield v. Illinois* 2 Hill 169; Adams' Equity 576; Dill. Mun. Corp. § 14; *Ambler v. Auditor General* 38 Mich. 746.

GRAVES, J. This case comes up on an appeal against a decree made in the circuit court in chancery for the county of Saginaw dismissing complainant's bill. The end sought by the cause is to quiet complainant's title as against the title obtained by the State under sales of the lands for several years for unpaid taxes. The objection which is insisted on against the title acquired by the State is that the assessor's certificate was in each year fatally defective.

The lands are vacant and the Auditor General is entirely passive, and in no event could he meddle with them except as authorized by law. The right the State holds in the lands is not subject to litigation in this way. The law has not commissioned the Auditor General to represent the State for any such purpose.

What is contemplated is to annul the title derived to the State through the tax proceedings, and the suit is virtually therefore against the State itself. But we fail to find that

it has consented to be made a litigant in this manner in regard to any land to which it claims title.

This is not a case where tax proceedings are still going on and a claim is made that they are tainted with fraud, or that some officer has either acted in an unauthorized or illegal manner or is about doing so.

It is one where the proceedings have been allowed to culminate in sales to the State and where the tax title cannot be contested and set aside unless the State consents to become a litigant for the purpose of the controversy and points out the officer to be made a party. The State's title to any other vacant lands could with equal propriety be forced into controversy in chancery without its assent.

The want of jurisdiction is clear.

The decree is right and must be affirmed with costs.

The other Justices concurred.